ELECTRONICALLY FILED
2020 Dec 18 PM 12:04
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

Clinton Bragg et. al.

vs.

Big Heart Pet Brands, Inc. et. al.

## SUMMONS

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**Gallagher Bassett Services, Inc.**
**2900 SW Wanamaker Dr., Suite 204**
**Topeka, KS  66614**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Roger Dale Fincher
1263 SW TOPEKA BLVD
Topeka, KS 66612

within 21 days after service of summons on you.

*[signature]*

Clerk of the District Court

Electronically signed  on 12/18/2020 02:27:43 PM

**Documents to be served with the Summons:**

PLE: Petition Petition

ELECTRONICALLY FILED
2020 Dec 18 PM 12:04
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

Clinton Bragg et. al.

vs.

Big Heart Pet Brands, Inc. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

      **Indemnity Insurance Company of North America**
      **1300 SW Arrowhead Rd.**
      **Topeka, KS  66604**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

      Roger Dale Fincher
      1263 SW TOPEKA BLVD
      Topeka, KS 66612

within 40 days after service of summons on you.

*/s/ Stephanie Weeks*

Clerk of the District Court
Electronically signed  on 12/18/2020 02:27:43 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Dec 18 PM 12:04
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

Clinton Bragg et. al.

vs.

Big Heart Pet Brands, Inc. et. al.

**SUMMONS**

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**ESIS, Inc.**
**112 SW 7th St., Ste. 3C**
**Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Roger Dale Fincher
1263 SW TOPEKA BLVD
Topeka, KS 66612

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 12/18/2020 02:27:43 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Dec 18 PM 12:04
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

Sally G. Kelsey
Law Office of Sally G. Kelsey
2601 S. Iowa St., Suite B
Lawrence, Kansas 66047
(785) 371-0536
Attorney for Plaintiffs

Roger Fincher, #16090
1263 SW Topeka Blvd,
Topeka KS 66612
(785) 430-5770
roger@fincherlawoffice.com
Attorney for Plaintiffs

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
### DIVISION ____

| | |
|---|---|
| CLINTON G. BRAGG, JR, individually, ) <br> and on behalf of the heirs at law of decedent,) <br> CLINTON G. BRAGG, III, and as ) <br> co-administrator of the estate of ) <br> CLINTON G. BRAGG, III, deceased ) <br> ) <br> and ) <br> ) <br> PATTI TUCK, individually, and on behalf ) <br> of the heirs at law of decedent, CLINTON ) <br> G. BRAGG, III, and as co-administrator of ) <br> the estate of CLINTON G. BRAGG, III, ) <br> deceased, ) <br> ) <br>          Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BIG HEART PET BRANDS, INC., ) <br> ) <br> ESIS, INC., ) <br> ) <br> INDEMNITY INSURANCE COMPANY ) <br> OF NORTH AMERICA, ) <br> ) <br> and ) <br> ) <br> GALLAGHER BASSETT SERVICES, ) <br> INC., ) | Case No. _____ |

1

|                                   )
                 Defendants.       )
_____ )

Filed Pursuant to K.S.A. Chapter 60

## **PETITION**

COMES NOW Plaintiffs, through the undersigned counsel and for their causes of action against the Defendants, allege and state as follows:

## **PARTIES**

1. Plaintiffs, Clinton G. Bragg, Jr. and Patti Tuck, are the father and mother of Clinton G. Bragg, III, ("Mr. Bragg") deceased, respectively. Plaintiffs are the duly appointed and qualified Co-Administrators of the Estate of Clinton Goodell Bragg, III, deceased, in the District Court of Douglas County, Kansas case number 2019-PR-27.

2. Plaintiffs have standing to bring this cause of action against Defendants pursuant to K.S.A. §§ 60-1901 and 60-1902, as heirs, and as co-administrators of his estate.

3. That Defendant, Big Heart Pet Brands, Inc. ("Big Heart"), is a Delaware corporation registered with the Kansas Secretary of State and authorized to do business in the state of Kansas.

4. That Defendant, Big Heart Pet Brands, Inc., may be served with process through its resident agent at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

5. That Defendant, Big Heart Pet Brands, Inc. operated a facility at 727 N. Iowa St. in Lawrence, Kansas 66049 where Clinton G. Bragg, III, was employed at the time he was injured.

6. That Defendant, Big Heart Pet Brands, Inc., is a subsidiary of The J.M. Smucker Company and is a producer, distributor, and marketer of pet products.

2

7. That Defendant, ESIS, Inc. ("ESIS"), is a Pennsylvania corporation registered with the Kansas Secretary of State and authorized to do business in the state of Kansas.

8. That Defendant, ESIS, Inc., may be served with process through its resident agent at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

9. That Defendant, ESIS, Inc., is a third-party claims administrator.

10. That Defendant, Indemnity Insurance Company of North America ("Indemnity"), is an insurance company domiciled in Pennsylvania and registered in the state of Kansas.

11. That Defendant, Indemnity Insurance Company of North America may be served with process by forwarding a certified copy of the Petition to the Commissioner of Insurance for the state of Kansas, Vicki Schmidt, along with a fee of Twenty-Five Dollars ($25.00) for such Defendant; and said Commissioner of Insurance shall forward a copy of said Petition, directed to Defendant, requiring the Defendant to answer by a date certain.

12. That Indemnity Insurance Company of North America is a provider of insurance services.

13. That Defendant, Gallagher Bassett Services, Inc. ("Gallagher"), is a Delaware corporation registered with the Secretary of State and authorized to do business in the state of Kansas.

14. That Defendant, Gallagher Bassett Services, Inc., may be served with process through its resident agent at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

15. That Defendant, Gallagher Bassett Services, Inc. is a third-party claims administrator.

## **RELATIONSHIP OF THE PARTIES**

16. Clinton G. Bragg, III was an employee of Defendant, Big Heart Pet Brands, Inc. This relationship was governed by the Kansas Workers' Compensation Act (K.S.A. §§ 44-501 et. seq.).

17. Defendant, ESIS, Inc. is a third-party claims administrator that contracted with Defendant, Big Heart Pet Brands, Inc. to administer the claims and benefits against Big Heart Pet Brands, Inc. arising out of its obligations under the Kansas Workers' Compensation Act.

18. Defendant, Indemnity Insurance Company of North America had a contractual agreement to provide workers compensation insurance coverage to Defendant, Big Heart Pet Brands, Inc.

19. Defendant, Gallagher Bassett Services, Inc. had a contractual agreement with Defendant, Indemnity Insurance Company of North America to provide adjustment services for Indemnity Insurance Company of North America's contractual obligations to provide benefits that Big Heart Pet Brands, Inc. was obligated to provide under the Kansas Worker Compensation Act.

20. Jurisdiction is proper in this Court pursuant to K.S.A. § 60-308 in that Defendants transacted business in this state and/or committed tortious acts in this state and/or caused injury to persons in this state.

21. Venue in the District Court of Douglas County, Kansas is proper pursuant to K.S.A. § 60-605 because this cause of action arose there.

## FACTS

22. Clinton G. Bragg, III was employed by Defendant, Big Heart Pet Brands, Inc., on March 27, 2017.

23. On March 27, 2017, while performing duties of his employment, Clinton Bragg, III, sustained a lifting injury by accident arising out of and in the course of his employment.

24. The workplace accident resulted in multiple disc herniations in Clinton Bragg, III's neck with radicular symptoms that gradually worsened.

25. Clinton Bragg, III was seen by Dr. Chris Fevurly who supervised an authorized course of treatment, which included physical therapy, epidural injections, and medications.

26. At Dr. Fevurly's request, an MRI was obtained of Clinton Bragg, III on March 27, 2017, which did not indicate a need for surgery at that time.

27. Clinton Bragg, III was seen by an authorized neurosurgeon, Dr. David Fritz, for a consultation

28. After review of Clinton Bragg, III's MRI, Dr. Fritz concluded that Mr. Bragg needed conservative treatment and that surgery was not the best option.

29. Dr. Fevurly issued an impairment rating on Clinton Bragg, III on December 4, 2017 and reported that Mr. Bragg would likely require epidurals in the future.

30. An offer to settle the case was made to Clinton Bragg, III based on Dr. Fevurly's rating, which he declined.

31. Clinton Bragg, III returned to Dr. Fevurly on February 23, 2018 where a fourth epidural injection was determined to be in order and a prescription for Soma was renewed.

32. Mr. Bragg had been placed in a lighter job with Defendant, Big Heart Pet Brands, Inc.

33. On May 9, 2018, Dr. Fevurly ordered a fifth epidural injection for Clinton Bragg, III and prescribed him Valium.

34. On July 13, 2018, when Dr. Fevurly saw Clinton Bragg, III, Mr. Bragg was experiencing continued radiculopathy from his neck in to his left arm.

35. Dr. Fevurly referred Clinton Bragg, III back to Dr. Fritz and ordered an additional MRI. Dr. Fevurly's referral to Dr. Fritz was not approved.

36. The additional MRI was approved and conducted on August 16, 2018 and showed an extruded disc at the C6-C7 level with severe nerve encroachment.

37. On September 10, 2018, Dr. Fevurly reviewed a report of the MRI and started Clinton Bragg, III on narcotic pain medication to help with his worsening symptoms and again referred Mr. Bragg to Dr. Fritz.

38. Dr. Fritz was available to see Clinton Bragg, III within two weeks of September 10, 2018.

39. Clinton Bragg, III's counsel, Sally Kelsey, contacted counsel for Defendant, Big Heart Pet Brands, Inc., Brian Fowler, requesting that Big Heart Pet Brands, Inc. authorize surgery with Dr. Fritz.

40. Ms. Kelsey followed up with Mr. Fowler on September 18, 2018.

41. Mr. Fowler replied in a letter that they would schedule the earliest available appointment with Dr. Adrian Jackson or Dr. Alexander Bailey.

42. Ms. Kelsey reminded Mr. Fowler that Dr. Fritz was a previously authorized doctor and could see Mr. Bragg very quickly and asked that Defendants' reconsider and authorize Dr. Fritz to treat Mr. Bragg.

43. As a result of the pain that Clinton Bragg, III was experiencing due to his injury, Mr. Bragg also experienced mental health issues which were brought to the attention of counsel for Defendants, Big Heart Pet Brands, Inc. and Indemnity Insurance Company of North America, on multiple occasions after September 10, 2018.

44. On September 14, 2018, a claim representative for Gallagher Bassett Services, Inc. contacted an orthopedic surgeon who specializes in neck and back surgery, Dr. Alexander Bailey, to see if he could examine Clinton Bragg, III and stated that the "treat[ing] doctor has recommended a surgical consultation."

45. On September 17, 2018, Dr. Bailey's office responded to confirm that they wished to review Mr. Bragg's medical records which were then provided.

46. On September 25, 2018, Dr. Bailey presented at the Kansas Department of Labor Workers Compensation Seminar and warned against placement of individuals on narcotics for more than two weeks.

47. Brian Fowler, an attorney for Defendant, Big Heart Pet Brands, Inc., advised Clinton Bragg, III's counsel, Sally Kelsey, on October 1, 2018 that Dr. Bailey had reviewed Mr. Bragg's medical records and agreed to examine him on October 25, 2018.

7

48. A preliminary hearing, seeking authorization for the surgical consult with Dr. Fritz, was scheduled before a Workers' Compensation Administrative Law Judge on October 4, 2018 but it was cancelled by Sally Kelsey after receiving notice of the appointment with Dr. Bailey.

49. Clinton Bragg, III was examined by Dr. Bailey on October 25, 2018 and surgery was recommended.

50. Dr. Bailey prescribed Oxycodone for Clinton Bragg, III. Thereafter, Defendant Big Heart Pet Brands, Inc. was notified by Dr. Bailey that Mr. Bragg needed surgery and that he was seeking authorization to perform the surgery.

51. Dr. Bailey provided Clinton Bragg, III with further work restrictions on October 27, 2020, which included light work in addition to maintaining the 40 hours per week with 8 hours per day limitations.

52. A request for a preliminary hearing was filed before a Workers Compensation Administrative Law Judge seeking an order for surgery.

53. Surgery was authorized by Defendant, Indemnity Insurance Company of North America in late November 2018.

54. Dr. Bailey's office scheduled the surgery for January 7, 2019.

55. Mr. Bragg had difficulty working in December 2018 due to his severe pain.

56. On December 19, 2018, Clinton Bragg III, was brought by ambulance to Stormont Vail in Topeka, Kansas, unresponsive.

57. On December 21, 2018, Clinton Bragg, III died with his death certificate listing probable acute opiate intoxication as the cause of death and referencing positive test results for opiates, amphetamines, and alcohol.

58. That the actions by Defendants in intentionally, negligently, and/or in bad faith acting to delay or deny the medical treatment of Clinton Bragg, III, caused or contributed to the death of Clinton Bragg, III.

## NEGLIGENCE
### (Plaintiffs Bragg & Tuck v. Defendants, Big Heart, ESIS, Indemnity, & Gallagher)

59. Plaintiffs hereby adopt and incorporate the allegations set forth in the foregoing paragraphs, as though fully set forth herein.

60. The death of Clinton Bragg, III occurred as the proximate result of the intentional, negligent, and/or gross and wanton conduct of all Defendants.

61. Defendants were negligent in their failure to timely authorize and provide medical treatment for Clinton Bragg, III for his workplace injuries.

62. Defendants were negligent in delaying Clinton Bragg, III's access to medical treatment for his workplace injuries.

## NEGLIGENCE PER SE
### (Plaintiffs Bragg & Tuck v. Defendant, Big Heart Pet Brands)

63. Plaintiffs hereby adopt and incorporate the allegations set forth in the foregoing paragraphs, as though fully set forth herein.

64. The death of Clinton Bragg, III occurred as the proximate result of the conduct of all Defendants that resulted in a violation of the requirements imposed upon Defendant, Big Heart Pet Brands, Inc., by the Kansas Workers Compensation Act (K.S.A. §§ 44-501 et seq.).

65. The Kansas Workers Compensation Act requires an employer to provide medical treatment and to compensate an injured employee for injuries that occur by way of a workplace accident.

9

66. The intentional and/or negligent conduct and failures to act resulted in Defendant, Big Heart Pet Brands, Inc.'s, failure to provide adequate medical treatment and compensation to Clinton Bragg, III.

## WRONGFUL DEATH (K.S.A. §§ 60-1901 to 60-1906)
**(Plaintiffs Bragg & Tuck v. Defendants, Big Heart, ESIS, Indemnity, & Gallagher)**

67. Plaintiffs hereby adopt and incorporate the allegations set forth in the foregoing paragraphs, as though fully set forth herein.

68. The death of Clinton Bragg, III was the proximate result of an intentional and/or wrongful act or omission of Defendants which Clinton Bragg, III could have brought against Defendants had he survived.

## BAD FAITH
**(Plaintiffs Bragg & Tuck v. Defendants, Indemnity)**

69. Plaintiffs hereby adopt and incorporate the allegations set forth in the foregoing paragraphs, as though fully set forth herein.

70. Defendant, Indemnity Insurance Company of North America, exercised bad faith by intentionally and/or negligently violating the covenant to act in good faith and with reasonable care.

71. Defendant, Indemnity Insurance Company of North America, exercised bad faith by intentionally and/or negligently choosing medical treatment for Clinton Bragg, III that delayed his expected surgery by several weeks or months, during which time he was on narcotic pain medication.

72. Defendant, Indemnity Insurance Company of North America, exercised bad faith by intentionally and/or negligently violating its contractual agreement with Defendant, Big Heart Pet Brands, Inc., by failing to provide prompt and

10

meaningful medical treatment under the circumstances, that Big Heart Pet Brands, Inc. was required to provide.

73. The death of Clinton Bragg, III was the proximate result of the bad faith exercised by Defendant, Indemnity Insurance Company of North America.

## SURVIVAL CLAIM (K.S.A. § 60-1801)
### (Plaintiffs Bragg & Tuck v. Defendants, Big Heart, ESIS, Indemnity, & Gallagher)

74. Plaintiffs hereby adopt and incorporate the allegations set forth in the foregoing paragraphs, as though fully set forth herein.

75. Decedent, Clinton G. Bragg, III, suffered severe injuries in the aforementioned incident and endured severe conscious pain and suffering from the time of this incident until the moment of death.

76. Decedent, Clinton G. Bragg, III, incurred medical expenses for medical treatment prior to his death.

77. Plaintiffs, as co-administrators of the Estate of Clinton G. Bragg, III, are entitled to economic and non-economic damages as a direct result of Defendants intentional, negligent, or bad faith actions as Clinton G. Bragg, III, incurred losses for medical expenses, for pain, suffering, disability, disfigurement, and accompanying mental aguish prior to his death.

## DAMAGES

78. As a result of Defendants' actions or failures to act, Clinton G. Bragg, III, experienced prolonged physical and mental pain and suffering, disability, loss of income, and medical expenses from the time of his injury until the moment of his death.

79. As a result of Defendants' actions or failures to act, Plaintiffs have suffered the loss of a complete family and have been forever deprived of their son's attention, care, comfort, companionship, instruction, guidance, counsel, training, support, and services.

80. As a direct and proximate result of the actions or failure to act by Defendants, Plaintiffs have sustained, and will continue to sustain in the future, the following damages:

    a. the loss of attention, care, and loss of a complete family, and those losses referred to as *Wentling* damages;
    b. mental anguish, suffering, and bereavement;
    c. the loss of Clinton G. Bragg, III's society, comfort, companionship, instruction, guidance, counsel, and training;
    d. the loss of Clinton G. Bragg, III's loss of filial care, economic support and services;
    e. burial and other expenses.

81. Plaintiffs' damages are in excess of $75,000.00

## JURY DEMAND

82. Plaintiffs request a jury trial on all issues so capable of being tried as they are entitled pursuant to their Seventh Amendment Constitutional rights.

**WHEREFORE**, by reason of the above and foregoing Plaintiff prays for judgment against Defendants for an amount in excess of $75,000.00, for other damages, costs of this action and such other and further relief as the Court deems just and equitable.

*/s/ Sally G. Kelsey*
Sally G. Kelsey, # 15008
Law Office of Sally G. Kelsey
2601 S. Iowa St., Suite B
Lawrence, Kansas 66047
(785) 371-0536
Attorney for Plaintiff


*/s/ Roger D. Fincher*
Roger D. Fincher, #16090
Law Office of Roger Fincher
1263 SW Topeka Blvd.
Topeka, Kansas 66612
(785) 430-5770
Attorney for Plaintiff

ELECTRONICALLY FILED
2020 Dec 18 PM 12:04
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

Clinton Bragg et. al.

vs.

Big Heart Pet Brands, Inc. et. al.

**SUMMONS**

# Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**Big Heart Pet Brands, Inc.**
**112 SW 7th St., Ste. 3C**
**Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Roger Dale Fincher
1263 SW TOPEKA BLVD
Topeka, KS 66612

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 12/18/2020 02:27:43 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2021 Jan 28 AM 10:42
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

# STATE OF KANSAS
# DEPARTMENT OF INSURANCE

## COMMISSIONER'S PROOF OF SERVICE

Clinton Bragg et. al.

Plaintiff

VS.

Big Heart Pet Brands, Inc. et. al.

Defendant

Case No. 2020-CV-000352

District Court
Douglas County
Lawrence, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on January 15, 2021, I received the Summons and Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Indemnity Insurance Company of
North America
Attn: George D. Mulligan, Esq.
Corporate Secretary
436 Walnut Street WA04N
Philadelphia, PA 19106

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 1300 SW ARROWHEAD ROAD, TOPEKA, KANSAS, 66604.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 15th day of January, 2021.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

# STATE OF KANSAS
# DEPARTMENT OF INSURANCE

## COMMISSIONER'S PROOF OF SERVICE

Clinton Bragg et. al.

Plaintiff

VS.

Big Heart Pet Brands, Inc. et. al.

Defendant

Case No. 2020-CV-000352

District Court
Douglas County
Lawrence, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on January 15, 2021, I received the Summons and Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Indemnity Insurance Company of
North America
Attn: George D. Mulligan, Esq.
Corporate Secretary
436 Walnut Street WA04N
Philadelphia, PA 19106

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 1300 SW ARROWHEAD ROAD, TOPEKA, KANSAS, 66604.

TO BE COMPLETED BY CLERK:

Dismissed _____
　　　　　　　　　(Date)
Judgment for _____
　　　　　(Plaintiff or Defendant)
Date _____

Amount of Judgment _____

_____
(Signature of Clerk)

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 15th day of January, 2021.

Vicki Schmidt
Commissioner of Insurance

BY:

_____
Justin L. McFarland
General Counsel

**ELECTRONICALLY FILED**
2020 Dec 18 PM 12:04
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000352

Clinton Bragg et. al.

vs.

Big Heart Pet Brands, Inc. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Indemnity Insurance Company of North America**
**1300 SW Arrowhead Rd.**
**Topeka, KS 66604**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Roger Dale Fincher
1263 SW TOPEKA BLVD
Topeka, KS 66612

within 40 days after service of summons on you.

*[signature]*

Clerk of the District Court
Electronically signed on 12/18/2020 02:27:43 PM

**Documents to be served with the Summons:**
PLE: Petition Petition