UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON G. BRAGG, JR., et al.,

                Plaintiffs,

v.                                                 Case No. 21-2047-KHV

BIG HEART PET BRANDS, INC., et al.,

                Defendants.

## **ORDER**

      This case arises from the death of Clinton Bragg, III while suffering from, and being treated for, a lifting injury sustained in the course of his employment with defendant Big Heart Pet Brands, Inc.  Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is the motion of Big Heart and co-defendants Indemnity Insurance Company of North America and Gallagher Bassett Services, Inc. ("defendants") to stay discovery and pretrial proceedings **(ECF No. 29)** pending the court's ruling on each defendant's motion to dismiss (ECF Nos. 6, 18, and 22), which are currently before the presiding U.S. District Judge, Kathryn H. Vratil.  Because the court finds no reason to stray from the general rule that discovery is not stayed simply because a dispositive motion has been filed, the motion to stay is denied.

The decision whether to stay discovery rests in the sound discretion of the court.[1] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[2] Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[3] The court has recognized that there may be occasional exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[4]

The court does not find this to be one of the rare instances in which staying discovery is justified. The undersigned has reviewed the motions to dismiss and the briefs that accompany them, and cannot say the case is *likely* to be concluded or limited via the motions. The undersigned certainly does not presume to predict how Judge Vratil will

---

[1]*Bank of Blue Valley v. Lasker Kim & Co.*, No. 15-9303-CM, 2016 WL 6604065, at *1 (D. Kan. March 29, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) and *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013)).

[2]*Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC,* No. 13-1168, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[3]*Bank of Blue Valley*, 2016 WL 6604065, at *1 (citing *Kutilek*, 132 F.R.D. at 297, and *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014)).

[4]*See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297-98).

view or rule the motions—indeed, she *may* grant one or more of the motions—but this is not a case in which the likely outcome of a dispositive motion is clear.[5]  Defendants have not pointed to any facts that remove this case from the typical one in which a motion to dismiss is filed and briefed, but which nevertheless continues to move toward resolution with the setting of deadlines and the opening of discovery.  Thus, the undersigned declines to stay discovery pending resolution of the dispositive motions.

IT IS SO ORDERED.

 Dated April 28, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5]*See Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are *likely* to prevail on the dispositive motion. While defendant has raised arguments as to the jurisdictional issue of plaintiff's benefit claims, it is not clear at this stage, especially given a liberal construction of the plaintiff's pleading, that the district court must find it has no jurisdiction over the case.").