UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON G. BRAGG, JR., et al.,

        Plaintiffs,

v.                               Case No. 21-2047-KHV

BIG HEART PET BRANDS, INC., et al.,

        Defendants.

# **ORDER**

Plaintiffs in this case are Clinton G. Bragg, Jr., and Patti Tuck, in their individual capacities and as the co-administrators of the estate of the decedent, Clinton G. Bragg, III. Plaintiffs have brought claims against defendants Big Heart Pet Brands, Inc.; Indemnity Insurance Company of North America; and Gallagher Bassett Services, Inc.[1] Plaintiffs allege defendants violated their duties owed to the decedent stemming from a workplace accident and the ensuing workers-compensation claim.

Indemnity Insurance Company of North America submitted its Rule 26(a) disclosures on May 4, 2021 and its first supplemental disclosures on May 21, 2021.[2] The disclosures included documents related to the decedent's workers-compensation claim. The disclosures included a privilege log along with the redacted claims notes.

---

[1] ECF No. 1. Defendant ESIS, Inc. was dismissed on May 4, 2021. *See* ECF No. 37.

[2] ECF Nos. 38 and 39. Both defendants submitted their disclosures, but at issue here are the claims notes from Indemnity Insurance Company of North America.

Information in those documents was redacted pursuant to defendants' assertion of privilege.[3] On June 15, 2021, plaintiffs filed the instant motion (ECF No. 44) to compel the unredacted documents. They argue the redacted information in these documents is relevant because it's likely to contain communications between defendants, their representatives, and decedent about decedent's workers-compensation claim.[4] They also argue the information isn't unduly prejudicial and shouldn't be shielded by work-product privilege or attorney-client privilege.

Defendants oppose the motion, first arguing plaintiffs have failed to confer pursuant to federal and local rules (ECF No. 45). Defendants also substantively oppose the motion. For the following reasons, the court denies plaintiffs' motion to compel.

Efforts to Confer

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiffs' motion. Fed. R. Civ. P. 37(a)(1) requires motions to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In addition, D. Kan. R. 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure

---

[3] ECF No. 45 at 2.

[4] ECF No. 44 at 5.

2

disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The court takes these conference requirements seriously. Failure to confer alone is a sufficient basis for denial of a discovery motion.[5] The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[6] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[7] The court looks at all surrounding circumstances to determine whether the movant's efforts to confer were reasonable.[8] That includes looking beyond the sheer quantity of contacts and examining their quality, as well.[9]

---

[5] *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2018 WL 5923487, at *7 (D. Kan. Nov. 13, 2018).

[6] *Heglet v. City of Hays, Kan.*, No. 13-228, 2014 WL 2865996, at *1 (D. Kan. June 24, 2014); *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[7] *Activision TV, Inc.*, 2014 WL 789201, at *2 (quoting *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007)).

[8] *Id.* (quoting *Wilbert v. Promotional Res., Inc*., No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999)).

[9] *Firestone v. Hawker Beechcraft Int'l Serv. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *1 (D. Kan. Feb. 2, 2012).

Defendants object to the form of the motion to compel on multiple grounds. First, defendants argue the motion fails to comply with D. Kan. Rules 7.1 and 7.6. Specifically, defendants argue plaintiffs didn't file a supporting memorandum for the motion to compel and didn't include a concise statement of the facts, with each statement of fact supported by reference to the record and a statement of the question or questions presented.[10]

Second, defendants argue plaintiffs' counsel failed to comply with D. Kan. Rule 37.2 in his efforts to confer. Plaintiffs didn't file any certification of compliance with Rule 37.2, nor did they describe any efforts to confer. Defendants represent they conducted a brief phone conference where plaintiffs' counsel said he wanted an unredacted set of the claims notes.[11] Defense counsel then asked for "more detail and a list of what specific entries on the privilege log plaintiffs thought were improper," but plaintiffs' counsel didn't respond and instead filed the instant motion.[12] In their response, defendants contend plaintiffs' counsel's efforts weren't undertaken in good faith, failing to provide specific entries in the privilege log that were allegedly improper. Indeed, defendants represent plaintiffs' counsel commented the phone call they had "was solely made so that he could file a motion to compel."[13] Plaintiffs didn't file a timely reply in support of their motion and therefore haven't contested these representations.

---

[10] ECF No. 45 at 3, citing D. Kan. R. 7.6.

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 4.

Defendants also note plaintiffs haven't made their Rule 26(a) disclosures themselves, pointing to the irony of filing the instant motion while abandoning their own responsibilities.[14] The deadline for disclosure was May 20, 2021.[15] Plaintiffs haven't requested any extension. Again, plaintiffs haven't filed any timely reply to address this argument.

For these reasons, the court denies plaintiffs' motion to compel. Plaintiffs are directed to submit their disclosures by **July 22, 2021**. As to the content of the motion, plaintiffs may adequately confer with defendants regarding the disclosures. But the court offers the following guidance:

First, the court isn't inclined to grant a renewed motion to compel as to the initial disclosures absent good cause to do so. As defendants note, these aren't documents plaintiffs sought through written discovery; they are "documents identified by defendants as potentially relevant, as redacted."[16] Thus far, plaintiffs haven't shown they're entitled to anything other than what defendants have produced.

Further, the court notes the substance of any renewed motion to compel must adequately address each objection plaintiffs assert regarding the privilege log. "Generic references to unspecified privileges or a general challenge to the adequacy of the privilege

---

[14] *Id.*

[15] ECF No. 41.

[16] ECF No. 45 at 6.

log provide an insufficient basis to challenge specific privileges. . . ."[17]  Any renewed motion should compel should make specific arguments as to each challenged entry on the privilege log, complying with the standards set forth in ample case law from this district.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel (ECF No. 44) is denied.

Dated July 15, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[17] *U.S. Dep't of Lab. v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1715359, at *1 (D. Kan. May 15, 2012).